**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFFORD PARKER, | No. 07-15330 |
| Petitioner - Appellant, | D.C. No. CV-03-04924-SBA |
| v. | |
| A. P. KANE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

California state prisoner Clifford Parker appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253.[1]  We affirm in part, and reverse and remand in part.

Parker contends that the Board's 2001 and 2004 decisions to deny him parole were not supported by "some evidence" and therefore violated his due process rights.  The state court did not unreasonably conclude that some evidence supports the Board's 2001 decision.  *See* 28 U.S.C. § 2254(d); *see also Hayward v. Marshall*, 603 F.3d 546, 562-63 (9th Cir. 2010) (en banc).

However, the state court unreasonably concluded that some evidence supports the Board's 2004 decision.  *See* 28 U.S.C. § 2254(d); *Cooke v. Solis*, 606 F.3d 1206, 1216 (9th Cir. 2010); *see also Hayward*, 603 F.3d at 562 ("The prisoner's aggravated offense does not establish current dangerousness 'unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his or her current demeanor and mental state' supports the inference of dangerousness.") (quoting *In re Lawrence*, 190 P.3d 535, 555 (Cal. 2008)).  Therefore, we reverse the district court with respect to the Board's 2004 decision and remand with instructions to grant the writ.

_____

[1] We certify for appeal, on our own motion, the issue of whether the 2001 and 2004 decisions of the California Board of Prison Terms ("Board") to deny parole violated due process.  The state has fully briefed the issue that we certify for appeal.

**AFFIRMED in part; REVERSED and REMANDED in part.**